# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT COURT OF WISCONSIN

NICASIO CUEVAS QUILES, III;
SCOTT ANDRASTEK;
CARLOS ABADIA;
RAYMOND CODY;
TERENCE BREWER;
STEVEN JILES;
ANTHONY STENSON;
THOMAS HILL;
CHARLES E. HENNINGS;
SEAN HATCH;

      *et.al.;*

      Plaintiff[s],

                              **MOTION AND ORDER TO
SHOW CAUSE FOR
A PRELIMINARY
INJUNCTION AND
TEMPORARY RESTRAINING
ORDER
CIVIL ACTION NO. _____**

      v.

TIM HAINES, WARDEN;
KEVIN SEMANKO, DEPUTY WARDEN;
RUSSELL BAUSCH, SECURITY DIRECTOR;
LISA PETTERA, PROGRAM DIRECTOR/A.D.A. COORDINATOR;
JOHN DOE I, CAPTAIN/SUPERVISOR;
JOHN DOE II, CORRECTIONAL OFFICER;
JOHN DOE III, CORRECTIONAL OFFICER;
MS. KRACHEY, UNIT MANAGER;
MS. BARTELS, HEALTH SERVICES UNIT MANAGER;
MS. JAIME SALINAS, HEALTH SERVICES NURSE;
JOHN DOE IV, HEALTH SERVICES DOCTOR/PRACTITIONER;
EACH SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES;

      Defendant[s]

        Upon the docketed and filed complaint, case number 19-CV-00585-wmc,
the supporting signed affidavit and statement of the Plaintiffs involved in the above-

referenced matter, and the memorandum of law submitted herewith, the Plaintiffs respectfully move the Court as follows:

TO ORDER that the Defendants named herein show cause in the United States Courthouse, Room _____, on the _____ day of _____, 2019, at _____ o'clock, why a preliminary injunction should not be issued pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enjoining the Defendants, their successors in office, agents, employees and all other persons acting in concert and participation with them, from:

1. Granting the Plaintiffs an emergency transfer to a minimum security correctional facility and/or a minimum security work-release facility in accordance with each of the Plaintiffs' current security and custody level as currently determined by the Wisconsin Department of Corrections. The Plaintiffs move the court to issue said order to protect the Plaintiffs from further harm caused by the continued violation of the Plaintiffs' civil and constitutionally guaranteed rights by the Defendants at Prairie Du Chien Correctional Institution and which is outlined within the Plaintiffs' complaint filed with the court and docketed as Case No. 19-CV-00585-wmc.

2. The Plaintiffs aver that if an immediate transfer to a minimum security correctional facility is not granted in their favor, Defendants' actions of deliberate indifference impacting the Plaintiffs poses a continued risk of serious damage to each of the Plaintiffs personal future health.

3. Granting the Plaintiffs an immediate emergency order for the investigation and subsequent testing of all buildings by the Wisconsin Department of Health, the Environmental Protections Agency (EPA), and the Center for Disease Control (CDC) including, but not limited to: (1) Building "A"; (2) Building "B"; (3) Building "C"; (4) Building "D"; (5) Building "E"; (6) Building "F" a/k/a "South Housing Building"; (7) Building "G" a/k/a "Segregation/River Building"; (8) Building "H" a/k/a "Education, Health Services, and Religious Services Building"; (9) Building "I" a/k/a "Servery, Food Services, and Visitation Building"; and (10) Building "J" for the presence of asbestos, asbestos-related materials, asbestos fibers, lead laterals, lead levels of both drinking and general use water supplied to each building within PDCI, and mold, more specifically the species of mold commonly known as "black mold" a/k/a *"stachybotrys chartarum"* and/or *"stachybotrys chlorohalanata."*

4. The Plaintiffs seek to have all results which are performed by the independent authority to be provided to each Plaintiff within no later than 30 days upon the conclusion of the investigation and

covering a span of time of no less than 20 years or the years PDCI has been in operation.

5. Granting the Plaintiffs an order for the emergency evacuation/removal of all offenders and staff currently being housed and/or working at PDCI during the commission of the emergency investigation and subsequent testing of all buildings in the best interests of public health, social responsibility, and justice.

6. The Plaintiffs seek to have the evacuation occur within no later than 30 days prior to the initiation of the investigation, unless a representative of the investigating authority deems that an immediate evacuation of the facility is necessary for the safety and welfare of all individuals housed and/or working at PDCI.

7. Granting the Plaintiffs an order authorizing a fully independent, private third-party audit of all financial records associated with and maintained by the business department of PDCI for all departments, more specifically any financial records in which any of the Defendants have had oversight and/or management of during their respective tenures and in their official capacities respectively and/or collectively.

8. The Plaintiffs seek to have all results of the audit which are performed by the independent authority to be provided to each Plaintiff within no later than 30 days upon the conclusion of the investigation and covering a span of time of no less than 20 years or the years PDCI has been in operation.

9. Granting the Plaintiffs an order authorizing a fully independent, private third-party audit of all property and inspection reports associated with the remediation and/or work performed at PDCI including, but not limited to, reports and certifications held by staff for the purposes of work performed in the day-to-day operations involving the removal, treatment, and remediation of asbestos, asbestos-related materials, mold, "black mold" concerns, air quality concerns, and the overall health conditions of PDCI.

10. The Plaintiffs seek to have all results which are performed by the independent authority to be provided to each Plaintiff within no later than 30 days upon the conclusion of the investigation and covering a span of time of no less than 20 years or the years PDCI has been in operation.

11. Granting the Plaintiffs an order for a fully independent, private third-party investigation into violations, past and present, of the American with Disabilities Act and the Rehabilitation Act by the Defendants including, but not limited to: reports, records, fines levied against the institution of PDCI, non-compliance letters and/or correspondence to any of the Defendants by third-party agencies, and in the possession of the Defendants and covering a span of time of no less than 20 years or the years PDCI has been in operation. There is a very serious concern that if an emergency

3

order is not granted, Plaintiffs and other similarly situated offenders and staff of PDCI may be at risk of serious harm, including permanent injury or death, in the event of a fire or act of nature. Plaintiffs aver that the one (1) elevator within PDCI is constantly being serviced due to deficiencies in the maintenance and upkeep during its daily use.

12. The Plaintiffs seek to ensure that no retaliatory acts by the Defendants, their successors in office, agents, employees and all other persons acting in concert and participation with them are allowed.

13. Granting the Plaintiffs an order authorizing for the procurement of all records, electronic communications, records, real estate records, email communications, text messages, phone records, and prior inspections and/or investigations related to water quality, violations of standards of health and living, asbestos, the compliance or non-compliance with the American with Disabilities Act, and the Rehabilitation Act maintained and/or in the possession of the Defendants and covering a span of time of no less than 20 years or the years PDCI has been in operation.

IT IS FURTHER ORDERED that effective immediately, and pending the hearing and determination of this order to show cause, the Defendants, their successors in office, agents, employees and all other persons acting in concert and participation with them, are restrained from:

1. From retaliating against the Plaintiffs including, but not limited to:
   a) Denying the Plaintiffs from communicating for the purposes of maintaining proper access to the court and one another as co-Plaintiffs in proceeding with the complaint and injunctive relief request
   b) Interfering with the Plaintiffs' access to one another by way of written correspondence and/or in-person meetings during the pendency of this matter before the court as allowed by Wis. Stats. Adm. Code DOC 309.155(5)

2. Ordering any offender, inmate, prisoner, and/or staff member, Correctional Officer, or otherwise anyone employed by PDCI from tampering with, removing, performing unauthorized work, performing remediation of, cleaning the surfaces of, or covering/coating the surfaces of any portions of space, ductwork, venting, insulation, wall coverings, tiles, pipes, drains, or surface which may contain mold, black mold, asbestos, asbestos-related materials, water pipes, lead laterals, or water supply of PDCI in an attempt to cover up, hide, mask, and/or interfere with the Court's order to only have an authorized third-party by the Plaintiffs to perform said emergency inspections of all buildings located on PDCI properties including, but not limited to, all buildings within the PDCI facility and

any outside properties maintained by PDCI offender workers and/or staff.

IT IS FURTHER ORDERED that the motion and order to show cause, and all other papers attached to this application be served on the aforesaid Plaintiffs immediately.

Signed:_____

Dated:_____

UNITED STATES DISTRICT JUDGE

<u>AFFIDAVIT AND STATEMENT OF THE PLAINTIFFS</u>

We have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of July, 2019, by the Plaintiffs:

_____/s/_____
Nicasio Cuevas Quiles, III

_____/s/_____
Scott Andrastek

_____/s/_____
Carlos Abadia

_____/s/_____
Raymond Cody

_____/s/_____
Terence Brewer

_____/s/_____
Steven Jiles

_____/s/_____
Anthony Stenson

_____/s/_____
Thomas Hill

_____/s/_____
Charles E. Hennings

_____/s/_____
Sean Hatch

Cc:        File/ncqiii
           Clerk of Courts, Mr. Peter Oppenner, Western District of Wisconsin

| Scott Andrastek | Steven Jiles | Terence Brewer |
| Carlos Abadia | Anthony Stenson | Charles E. Hennings |
| Raymond Cody | Thomas Hill | Sean Hatch |

6